No. 3194

Second Circuit

LAWN v. CITY OF MONROE

(May 22, 1928. Opinion and Decree.)

(*Syllabus by the Court*)

1. Louisiana Digest—Municipalities—Par. 258.

It is negligence for a municipality operating an electric light plant to allow an electric light wire strung across a public thoroughfare to sag so low as to obstruct ordinary vehicular traffic on the street.

  Williams vs. Louisiana E. P. Co., 43 La. Ann. 295, 8 So. 938.

2. Louisiana Digest—Municipalities—Par. 258, 263; Negligence—Par. 21, 22.

A boy 16 years old, without warning or other knowledge of the presence of an electric light wire twelve or thirteen feet above the ground on a public thoroughfare, and who, while lying on top of a truck-load of cotton, the top of which was ten and a half feet above the surface of the street, moving through the street, came in contact with the wire and was by it pulled from the truck and thrown to the ground, was not guilty of negligence in failing to anticipate the presence of the wire at the place and guard against the danger of coming in contact with it.

  Weber vs. Union Company, 118 La. La. 77, 42 So. 652.

Appeal from the Fourth Judicial District Court, Parish of Ouachita. Hon. J. T. Shell, Judge.

Action by Pat Lawn against City of Monroe.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Theus, Grisham and Davis, of Monroe, attorneys for plaintiff, appellee.

R. H. Russell, of Monroe, attorney for defendant, appellant.

STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff, Pat Lawn, for the use and benefit of his minor son, George Lawn, sues the defendant, City of Monroe, for $15,000.00, damages alleged to have been sustained by his son in being pulled from the top of a truck-load of cotton on which he was riding on a public street of the City of Monroe by coming in contact with an electric light wire strung across the street by defendant as part of an electric light system owned and operated by it.

The defendant denied liability and alleged contributory negligence on the part of the injured boy.

During the trial defendant filed an exception to the capacity of plaintiff to stand

in judgment for the use and benefit of his minor son, alleging that the son had, by judgment of the Juvenile Court of the Parish of Ouachita, been sentenced to confinement for an indefinite term in the Louisiana Training Institute at Monroe, Louisiana, and was actually confined in said institute under the judgment, in consequence of which plaintiff was not the legal guardian of and had not the care, custody or control of his son, but that such guardianship, care, custody and control was in the said institute.

On these issues the case was tried and there was judgment in favor of the plaintiff for the use and benefit of his minor son for $2,000.00, less a credit of $420.50 on account of expenses connected with the injuries received by the boy and paid by the City of Monroe, with legal interest on the balance from judcial demand.

The defendant appealed, and plaintiff has answered the appeal and asks that the judgment be increased to $5,000.00.

## OPINION

The evidence shows that the City of Monroe was engaged in operating an electric light plant for profit and had an electric light wire strung across south Grand street in that city and had permitted it to sag to a point between eleven and a half and twelve and a half feet above the surface of the street and that plaintiff's son was lying on top of a truck-load of cotton, the top of which was ten and a half feet above the ground moving southerly on South Grand street. As to the manner in which he was injured, the boy testified:

"Q. You say you didn't see the wires before you struck one of them?
"A. No, sir.
"Q. How were you lying?

"A. On my stomach, my face facing south.
"Q. Facing the way the truck was going?
"A. Yes, sir.
"Q. Facing ahead, with your head and shoulders propped up on your arms?
"A. My head thrown back.
"Q. Looking straight ahead?
"A. Looking over to the parish school.
"Q. Weren't you looking the way you were going?
"A. No, sir.
"Q. Were you passing the parish school?
"A. Yes, sir.
"Q. Or very near it at the time this happened, and that's what you were doing, looking that way instead of looking ahead?
"A. Yes, sir.
"Q. The first you knew, the wire caught you under the chin?
"A. Yes, sir.
"Q. Knocked you off?
"A. Yes, sir.
"Q. That's the last you know?
"A. Yes, sir.
"Q. You know about how fast the truck was going?
"A. About fifteen miles an hour."

The evidence shows that the top of the load of cotton on the truck on which plaintiff's son was lying and riding was ten and a half feet from the ground and therefore the wire that caught the boy under the chin and knocked him off the truck must have been from eleven and a half to twelve and a half feet above the ground.

In Williams vs. Louisiana E. P. Co., 43 Ann. 295, it was held to be actionable negligence for the operator of an electric light system to allow its service wires to hang so low above a public street as to interfere with ordinary traffic thereon, and that the wire in question was low enough above the street to interfere with ordinary traffic is proved by the fact that on two occasions it had been pulled down by vehicles attempting to pass under it, one of them a truck-load of hay and the

other a truck-load of furniture; and notwithstanding this the defendant took no action looking to raising the elevation of the wire.

This was negligence on the part of defendant, making it liable in damages for the injuries suffered by plaintiff's son.

Defendant insists that the boy was guilty of negligence and that his negligence contributed to the accident. We do not think the evidence shows this. It does not appear that the boy was aware of the presence of the wire or that he should have been aware of it, and but for the presence of the wire no harm would have resulted to him in consequence of his riding on the load of cotton.

Defendant's negligence was the proximate cause of the accident and plaintiff's son was not guilty of negligence and the defendant must respond in damages for the injuries suffered by the boy.

Defendant has not pressed, either in oral argument or in brief, its exception to the right of plaintiff to stand in judgment for the use and benefit of his son, and we assume that the exception is abandoned.

Plaintiff cites numerous authorities in support of his application for an increase in the amount of damages awarded his son, but considering the nature and extent of the injuries suffered by the boy we think the amount allowed ample. The injuries consisted of a slight fracture of the "outer table" of the skull above the left eye, from which the boy has entirely recovered, and the only disability remaining is a slight drooping of the left eye, lid which does not prevent the eye from being entirely closed, but does not enable him to lift the eye lid entirely over the eye. He was confined to the hospital for twenty-four days. His vision is not at all affected in consequence of the drooping eye lid, nor is he at all disfigured thereby. The boy testified that when his head gets warm it aches.

The District Judge, who heard and saw the witnesses testify and saw the boy as he appeared at the trial, gave plaintiff judgment for $2,000.00, less medical and hospital expenses, amounting to $420.50, paid by defendant, and the evidence does not enable us to say that this award was either too high or too low.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed.